**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

PIERRE BLANCHARD,

        Plaintiff,

vs.

HARRAH'S ENTERTAINMENT, INC.; *et.al.*,

        Defendants.

Case No. 2:16–cv–2290–JCM–VCF

**ORDER AND REPORT & RECOMMENDATION**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF NO. 1) AND COMPLAINT (DOC. #1-1)

    Before the court are Blanchard's application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1). For the reasons stated below, Blanchard's *in forma pauperis* application is granted and he may proceed with this action. It is recommended that Blanchard's complaint be dismissed with leave to amend.

**I. Discussion**

    Blanchard's filings present two questions: (1) whether Blanchard may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether Blanchard's complaint states a plausible claim for relief. Each is discussed below.

1. Blanchard May Proceed *In Forma Pauperis*

    Plaintiff's application to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a)(1) permits a plaintiff to bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff's "is unable to pay such fees or give security therefor." Pursuant to section 1915(a)(1), Blanchard submitted a financial affidavit. (ECF No. 1). According to the affidavit, Blanchard is unemployed and has less than $50 in her checking account. Blanchard's application to proceed *in forma pauperis* is, therefore, granted.

1

**II. Legal Standard**

Because the court grants Blanchard's application to proceed *in forma pauperis*, it must review Blanchard's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. *See* 28 U.S.C. § 1915(e). The court's review of Blanchard's complaint is guided by two legal standards: Federal Rule of Civil Procedure 8 and the Supreme Court's decision in *Erickson v. Pardus*, 551 U.S. 89 (2007).

Federal Rule of Civil Procedure 8(a) also provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court's decision in *Ashcroft v. Iqbal*, states that in order to satisfy Rule 8's requirements a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009). The Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) and *Iqbal* prescribe a two-step procedure to determine whether a complaint's allegations cross that line.

First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," *id.* at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 681.

Second, the court must determine whether the complaint states a "plausible" claim for relief. *Id.* at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegation, which are accepted as true, "do

not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (citing FED. R. CIV. P. 8(a)(2)).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

If the court dismisses a complaint under section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

The plaintiff bears the burden to allege a *prima facie* case of racial discrimination under Title VII. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973).  A plaintiff satisfies this burden if he alleges "(1) that the plaintiff belong to a class of persons protected by Title VII; (2) that the plaintiff performed his or her job satisfactorily; (3) that the plaintiff suffered an employment action; and (4) that the plaintiff's employer treated the plaintiff differently than a similarly situated employee who does not belong to the same protected class as the plaintiff." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006).  Claims for age discrimination under the Age Discrimination in Employment Act (ADEA) and national origin discrimination under Title VII are also analyzed under the *McDonnell Douglas* framework.  *Whitman v. Mineta*, 541 F.3d 929, 932 (9th Cir. 2008)(age); *Chuang v. University of California Davis, Bd. Of Trustees*, 225 F.3d 1115, 1128 (9th Cir. 2000)(national origin).

Blanchard does not satisfy the second and fourth elements of the *McDonnell Douglas* test.  He did not allege that he performed his job at Bally's Las Vegas satisfactorily.  Blanchard stated he worked at the New Frontier Hotel and Casino for 16 years before moving to Bally's.  (ECF No. 1-1 at 1)  During

that time he received excellent reviews. (*Id.*) Blanchard however did not make any allegations regarding his job performance at Bally's. *See Whitman*, 541 F.3d at 932 (plaintiff failed to show she was qualified or eligible for contested position).

Blanchard also did not allege that similarly situated employees, who were not members of his protected class, were treated differently. Blanchard describes the following incident, which resulted in his termination. A kitchen chef instructed Blanchard to place a container of hot gravy in the refrigerator. (ECF No. 1-1 at 4) Blanchard asked if he would be paid overtime while he waited for the gravy to cool. (*Id.*) He was told he would not be paid overtime. (*Id.*) The chef then instructed him to put the hot gravy in the refrigerator without the appropriate label. (*Id.*) The next day Blanchard was terminated for failing to properly label the gravy. (*Id.*) The chef who had ordered him to put the gravy in the refrigerator was later terminated. (*Id.*)

Blanchard did not allege that the chef was also a member of any of his protected classes. *See Diaz v. Eagle Produce Ltd. Partnership*, 521 F.3d 1201, 1208 (9th Cir. 2008) (plaintiff may satisfy the fourth element if he alleges "circumstances otherwise giving rise to an inference of … discrimination.") He also did not allege that employees outside of his protected classes were not terminated for similar conduct. *Cornwell*, 439 F.3d at 1028.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Blanchard's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court filed the complaint. (ECF No. 1-1).

IT IS FURTHER ORDERED that Blanchard is permitted to maintain the action to its conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS RECOMMENDED that Blanchard's complaint (ECF No. 1-1) be DISMISSED with leave to amend.

IT IS FURTHER RECOMMENDED that if the court adopts this Report & Recommendation, a DATE be set for the filing of the Amended Complaint to avoid dismissal with prejudice.

IT IS FURTHER ORDERED that if the court adopts this report and recommendation, and an Amended Complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the Amended Complaint.  The court will issue a screening order on the Amended Complaint and address the issuance of Summons at that time, if applicable.  *See* 28 U.S.C. § 1915(e)(2).

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address.  The notification must include proof of service upon each opposing

/// /// ///

/// /// ///

/// /// ///

party or the party's attorney.  **Failure to comply with this Rule may result in dismissal of the action.** *See* LSR 2-2.F

      IT IS SO ORDERED and RECOMMENDED.

      DATED this 5th day of October, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE