UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PIERRE BLANCHARD, | Case No. 2:16-CV-2290 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| HARRAH'S ENTERTAINMENT, INC., et al., | |
| Defendant(s). | |

Presently before the court is Magistrate Judge Ferenbach's report and recommendation ("R&R"), recommending that *pro se* plaintiff Pierre Blanchard's complaint (ECF No. 3) be dismissed with leave to amend. (ECF No. 2). No objections have been filed, and the deadline for filing objections has since passed.

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made).

**James C. Mahan**
**U.S. District Judge**

1    Nevertheless, this court finds it appropriate to engage in a *de novo* review to determine whether to adopt the recommendation of the magistrate judge.

Plaintiff's complaint alleges claims for racial and age discrimination, as well as for wrongful termination against defendants Harrah's Entertainment, Inc. ("Harrah's") and Bally's. (ECF No. 3). For relief, plaintiff seeks compensatory and punitive damages. (ECF No. 3). In the complaint, plaintiff asserts that he was an employee of Harrah's at Bally's for almost eight (8) years before being terminated on April 13, 2015, for allegedly failing to follow company policy. (ECF No. 3). Plaintiff alleges that he was terminated not for failure to follow company policy, but because of his race (African American), his age (age 60), and his national origin (Fort-de-France in the Caribbean). (ECF No. 3).

A plaintiff bears the burden to allege a *prima facie* case of employment discrimination. *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1155 (9th Cir. 2010). Claims for age discrimination under the Age Discrimination in Employment Act ("ADEA") and claims for racial and national origin discrimination under Title VII are analyzed under the framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See, e.g.*, *Whitman v. Mineta*, 541 F.3d 929, 932 (9th Cir. 2008) (age); *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006) (racial); *Chuang v. Univ. of Cal. Davis, Bd. of Trustees*, 225 F.3d 1115, 1128 (9th Cir. 2000) (national origin).

To establish a *prima facie* case, plaintiff must allege four elements, that: (1) he is a member of a protected class; (2) he was performing his job in a satisfactory manner; (3) he suffered an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action that give rise to an inference of discrimination. *See, e.g.*, *Zeinali v. Raytheon Co.*, 636 F.3d 544, 552 (9th Cir. 2011).

In the R&R, Magistrate Judge Ferenbach held that the complaint failed to sufficiently allege the second and fourth elements of the *McDonnell Douglas* test. (ECF No. 2 at 3–4). Specifically, the magistrate found that the complaint lacked allegations regarding plaintiff's job performance at Bally's. Further, the magistrate found that the complaint failed to allege that

**James C. Mahan**
**U.S. District Judge**

1  similarly situated employees outside his protected class were treated differently or not terminated
2  for similar conduct.  (ECF No. 2 at 3–4).

3      In light of the foregoing and upon reviewing the R&R and the complaint, the court finds
4  that good cause appears to adopt Magistrate Judge Ferenbach's findings.  The court will dismiss
5  plaintiff's complaint without prejudice and grant plaintiff leave to amend his complaint.  Should
6  he choose to do so, plaintiff has thirty (30) days from the date of this order to file an amended
7  complaint curing the deficiencies set forth in the R&R.

8      Accordingly,

9      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Magistrate Judge
10 Ferenbach's R&R (ECF No. 2) be, and the same hereby is, ADOPTED in its entirety.

11     IT IS FURTHER ORDERED that plaintiff's complaint (ECF No. 3) be, and the same
12 hereby is, DISMISSED WITHOUT PREJUDICE with leave to amend.

13     IT IS FURTHER ORDERED that plaintiff shall have thirty (30) days from the entry of this
14 order to file an amended complaint curing the deficiencies set forth in the R&R.

15     DATED November 4, 2016.

                                                               UNITED STATES DISTRICT JUDGE